PASCHAL P. WHEELER v. SARAH B. B. WHEELER.

Where on an appeal from a decree of a Court of Probate refusing the probate of a will, the decree of said Court was reversed, *held* that the appellant was entitled to costs.

GREENE, C. J.   The will of Paschal P. Wheeler was presented to the Court of Probate of the town of Scituate for probate, and was by that Court refused to be admitted to probate.   The Executors named in the will appealed to this Court and the will by this Court was admitted to probate.

The Executors claim to be allowed their costs on the appeal.

The act, prescribing the "manner of proceedings in Courts," provides that in all civil causes, with certain exceptions therein named, the party prevailing shall recover his costs.   (Dig. of 1844, p. 35, sec. 33.)

We think this is a civil cause and does not fall within the exceptions mentioned in the statute.

By the 17th section of the act, establishing Courts of

VOL. II.                 2

Probate it is provided, that the appellant from any decree of such Court shall give bond to prosecute such appeal with effect, or in default thereof to pay all intervening costs and damages and such costs as the Supreme Court shall tax against the appellant. (Dig. of 1844, p. 229.)

By the 18th section of the same act it provides that the person so appealing shall, within ten days after giving bonds as provided in the 17th section, file his reasons of appeal in the office of the Clerk of the Court appealed to, and shall cause the adverse party to be served with a copy thereof, and to be cited at least ten days before the sitting of the Court appealed to, that such party may prepare to answer the same. The appellant being required to give bond to pay costs shows that the costs were to be taxed against him should he fail in his appeal, and it would be an extraordinary construction of the statute to say that the appellant should pay costs if he failed and should not recover costs if he succeeded in his appeal. Nor is there any difficulty in determining against whom the taxation should be made and the execution issue.

It is the adverse party whom the appellant is required to serve with a copy of the reasons of appeal and to cite ten days before the sitting of the Court appealed to, and who appears. The parties are before the Court, the appellant by giving bond and entering his appeal and the adverse party by appearance upon citation.

We see no reason why the prevailing party in such a cause, whether appellant or appellee, should not recover his costs and have execution therefor.

*Bradley,* for the appellant.

*Carpenter,* for the apellee.